## LEVINE v. STATE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9071. Decided Oct. 1, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**CRIMINAL LAW.**

(190 W2) There being no doubt as to meaning which witness intended to give to word used in testimony, court, in determining guilt or innocence of accused may apply same meaning.

Error to Municipal Court.
Judgment affirmed.

H. E. Kohen, Cleveland, for Levine.
L. O. Payne, Cleveland, for State.

### STATEMENT OF FACTS.

This cause came into this court on a petition in error to the Municipal Court of the City of Cleveland, the purpose being to reverse a judgment of conviction in the Municipal Court for keeping a house of prostitution.

After hearing the evidence in the case the trial court found the defendant guilty and sentenced her to one year at the Marysville Reformatory. A motion for a new trial was made and overruled and a bill of exceptions was filed in this court which purports to contain all the evidence and a transcript was likewise filed.

VICKERY, J.

It is urged in this court that the reason why this case should be reversed is because the trial court took judicial notice or gathered in some way what the word "hustle" meant.

In reading this record in regard to the word "hustle" as used in connection with the evidence of what took place in this house and the defendant's relation thereto, there could be no doubt in the minds of anybody what the witness meant by the word "hustle" and we do not know of any rule which compels the trial court to close the avenues of common sense in passing upon the guilt or innocence of a person when the whole matter is so clear and patent as it is in the instant case. This is especially true when the defendant, although present in court with her counsel, did not deign to get upon the witness stand and deny the charges against her, and without explanation it seems a clear case against her.

It is not necessary to go into detail, but we think the evidence taken in connection with the application of the word that was used in the sense that has been recognized as applicable to the vocation of a girl situated as her testimony shows her to have been situated in this defendant's house and what the record shows actually took place there, makes a clear case against her.

The record shows that there was abundant testimony to substantiate the judgment of the court in finding this defendant guilty.

Finding no error in the record we can do nothing but affirm the judgment.

(Sullivan, PJ., and Levine, J., concur.)